**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **SEDERIS FIELDS**<br>**9308 Locksley Road**<br>**Ft. Washington, MD 20744**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MIKE JOHANNS, SECRETARY**<br>**U.S. DEPARTMENT OF AGRICULTURE**<br>**1400 Independence Avenue, SW**<br>**Washington, D.C. 20250**<br><br>**Defendant.** | ) | **Case No.**<br><br><br><br><br><br><br><br>**Jury Trail Demand** |

**Complaint**

Comes now Plaintiff Sederis Fields, by and through counsel, and files this complaint against Defendant Mike Johanns, Secretary, U.S. Department of Agriculture.

**Jurisdiction and Venue**

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S. C. Section 2000e et seq. (Title VII).

2. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Fields' claims occurred in this judicial district and Defendant may be found in this judicial district.

**Parties**

3. Plaintiff Sederis Fields (hereafter "Plaintiff" or "Ms. Fields"), an African American female, is a twenty-two year employee with the Farm Service Agency, a

division of the U.S. Department of Agriculture and a total of twenty-seven years of Federal Service.

4. Defendant Mike Johanns (hereafter "Defendant") is the Secretary for the U.S. Department of Agriculture.

**Facts**

5. Ms. Fields began employment with Deputy Administrator for Field Operations (DAFO), as a GS-301-13-step 7 Program Coordination Specialist in January 1999. Ms. Fields performed her job at an exemplary level at all times.

6. In July 2003, Ms. Fields applied for a GS-14 Administrative Management Specialist position with Defendant. On July 8, 2003, Ms. Fields interviewed with an interview panel that included Doug Frago, her first line supervisor and selecting official, John Chott, second line supervisor, Solomon Ramirez, Assistant Deputy Administrator for Farm Programs, and Sean Clayton, EEO observer. Following the interviews, Ms. Fields was told by Chott that she did well in the interview. On July 11, 2003, Ms. Fields was notified that she made the top five candidates, and that there would be a second interview.

7. On July 21, 2003, Ms. Fields interviewed with the second interview panel, which included Doug Frago, John Chott and Linda Treese, but excluded an EEO observer. FSA Notice PM 2334, Merit Promotion Process, Section 2E, dated October 1, 2002, with disposal date October 1, 2003, states "Interview panels are not mandatory for non-supervisory panels," however, all interview panels shall include an EEO representative or member of the CR/EEO advisory Council as an observer." Following the interview, Doug Frago informed Ms. Fields that she had not been selected because she did not have

enough administrative experience. The explanation that Ms. Fields lacks administrative experience is false and pretextual because her current position is in the administrative 301 series. The two people who were selected for the positions, Ken Nagel and Patrick Spalding (Caucasian males), for the positions had backgrounds in the agricultural program areas, and not administrative experience.

8. Ms. Fields was more qualified than Nagel and Spalding. Ms Fields has been performing administrative duties within the FSA for over twenty years. She has received a performance bonus for outstanding performance in the administrative field, as well as cash awards for her outstanding performance. Nagel was hired in 1999 as a career conditional employee to work in the program area in DAFO as a GS-1145. Administrative duties, from another GS-301-14 position, were added to Nagel's duties. Nagel was given an unfair advantage when the position was advertised, even though Nagel was only performing the administrative duties for a short period of time. Nagel is also known to have a close personal and/or professional relationship with John Chott and Doug Frago. Several employees have raised complaints of favoritism based on the preferable treatment received by Nagel from Chott and Frago. Nagel received credit for duties he performed outside of his position description. Nagel also received an accretion of duties to prepare him for a promotion. On several occasions Mr. Chott, while on leave, has named Nagel as Acting DAFO over GS-14's and GS-15's, even though he was in a lower grade. In March 2000, Spalding was a GS-1102-11, Contract Specialist in Minnesota. He was promoted to a GS-1165-12 when he relocated to Washington, D.C. He was a GS-1165-13 Agricultural Loan Specialist, from April 2001 to August 2002. According to the job announcement, administrative duties had to be performed at least

one year in the next lower grade level. Spalding never served one year in an administrative position at the grade 13 level. Spalding served as an assistant administrative officer GS-341-12 from May 5, 1991 to March 22, 1992 for less than one year. Spalding possessed little to no experience within the administrative area of FSA or DAFO. Spalding's credited experience could have only come from employment with another agency. Two less qualified individuals were selected over Ms. Fields.

9. On July 22, 2003, Ms. Fields met with Frago and Chott to discuss her non-selection. Frago restated that Ms. Fields did not have enough administrative experience. Ms. Fields was not offered any other reason for her non-selection, and has not been provided any explanation on why the Agency failed to comply with the requirement that an EEO representative be present at the interviews. Ms. Fields believes her non-selection was base on her race and sex.

10. The Agency's non-selection of Ms. Fields is consistent with the Agency's discriminatory hiring practices. In 2003, DAFO announced six vacant professional positions (GS-13, 14 and 15). Despite several minorities applying for the positions, all of the position were filled by Caucasian applicants. Frago was the selecting official for four of the positions, and Linda Treese was the selecting official for the other two positions. Plaintiff has exhausted all administrative remedies prior to filing suit.

## Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. Section 2000e-2(a)

Plaintiff incorporates by reference paragraphs one through ten as if fully stated herein.

11. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, age, or national origin.

12. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

13. At all pertinent times, Ms. Fields was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

14. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally engaged in unlawful discrimination, including but not limited to failing to comply with the Agency's requirement that an EEO representative be present for interviews and denying Ms. Fields a promotion to the GS-14 Administrative Management Specialist, despite her superior qualifications and experience. Defendant engaged in acts of discrimination against Ms. Fields based on her race and sex as detailed above.

Wherefore, Ms. Fields prays as follows:

A. That the court enter judgment in favor of Ms. Fields and against Defendant, and enjoin the Defendant from further acts of discrimination;

B. That the court find that Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

C. Placement of Ms. Fields in the position she was denied and grant Ms. Fields compensatory damages, including back pay and front pay and benefits against Defendant;

D. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E. That the Court award Ms. Fields such other relief as to which she may be deemed entitled.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all counts.