UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEDERIS FIELDS, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>MIKE JOHANNS, Secretary, )<br>U.S. Department of Agriculture, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 06-0538 (HHK) |

JOINT RULE 16.3(c)/ RULE 26(f) REPORT

  Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's May 25, 2006, order, the parties submit the following report.

Plaintiff's Statement of Case

  Plaintiff Sederis Fields, an African American female and twenty-two year employee at the USDA was employed as a GS-301-13-step 7 Program Coordination Specialist. In July 2003, Ms. Fields applied for a GS-14 Administrative Management Specialist position with Defendant, and interviewed and made the second round of interviews. She was not selected and the positions were given to younger and less qualified Caucasian employees. The Agency violated merit selection procedures by providing preferential treatment and training for the selectees and failing to place an EEO observer on the panel, and excluding Ms. Fields from consideration, allegedly because she did not have administrative experience, when she was in an administrative series position and had far greater work and administrative experience than the selectees. Ms. Fields alleges discrimination based on race and gender.

Defendant's Statement of Case

  Plaintiff's claim before this Court concerns her allegation that she was discriminated against based on her race and gender when she was not selected for the position of Administrative Management Specialist in the Office of the Deputy Administrator for Field Operations ("DAFO"). Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C.

§ 2000e, et seq.). Plaintiff's non-selection was based on legitimate nondiscriminatory reasons. (see, e.g. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

Local Rule 16.3(c) Points

With regard to the numbered paragraphs of Local Rule 16.3(c), counsel report as follows:

1. Defendant submits that this case will likely be resolved by dispositive motion following discovery.

2. The parties do not believe at this time that other parties will be joined, pleadings amended, or factual or legal issues narrowed.

3. The parties do not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

4. The parties do not believe that there is a possibility of settling the case at this time.

5. The case may benefit from the Court's alternative dispute resolution process or some other form of ADR; however, any form of ADR should be held in abeyance pending discovery and this Court's decision on defendant's dispositive motion.

6. The parties propose that the deadline for any dispositive motions and/or cross motions should be sixty days after discovery closes. Any oppositions should be filed thirty days thereafter, and replies within fourteen days of the opposition.

7. The parties agree that Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) will be made 30 days after the Initial Scheduling Conference.

8. The parties propose that fact discovery will be completed within 150 days following the exchange of initial disclosures..

9. The parties agree that it is unnecessary to modify the requirement of exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2). The

parties agree that a decision on whether and when depositions of experts should occur will be held in abeyance pending the results of fact discovery.

    10.    Not applicable.

    11.    The parties agree that it is unnecessary to bifurcate or manage the trial in phases.

    12.    The parties propose that the Pretrial Conference be held thirty days after resolution of dispositive motions.

    13.    The parties propose that the trial date be set at the Pretrial Conference.

    14.    None.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____    _____
DAVID A. BRANCH, ESQ.    KATHLEEN KONOPKA, DC Bar # 495257
DC Bar #438764    Assistant United States Attorney
Counsel for Plaintiff