UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEDERIS FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0538 (HHK) |
| ) | Status Conference April 17, 2007 |
| MIKE JOHANNS, ) | |
| Secretary, United States ) | |
| Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S OPPOSITION, IN PART, TO PLAINTIFF'S MOTION
## FOR A THIRTY-DAY EXTENSION OF DISCOVERY

Defendant, Mike Johanns, Secretary, United States Department of Agriculture, through

the undersigned attorneys, hereby files his Opposition, In Part, to Plaintiff's motion seeking to

extend discovery for an additional thirty days.  As discussed below, Plaintiff has consistently

ignored the rules and orders of this Court,[1] and failed to meet her discovery obligations in a

timely manner.  Plaintiff also reneged on an agreement with Defendant to extend discovery only

until March 30, 2007, and she has misrepresented facts in her motion for a thirty-day extension of

time.  Therefore, Plaintiff's motion should be denied.  A Memorandum of Points and Authorities

in Support and a proposed order are attached.

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[1] In fact, on March 9, 2007, ignoring Defendant's objections to her motion and the
Court's modified Scheduling Order, Plaintiff served two deposition notices for a date after the
close of the March 12, 2007, discovery period.

_/s/_ _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_ _____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SEDERIS FIELDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-0538 (HHK)** |
| ) | **Status Conference April 17, 2007** |
| **MIKE JOHANNS,** ) | |
| **Secretary, United States** ) | |
| **Department of Agriculture,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANT'S OPPOSITION, IN PART**

**I. PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint on March 22, 2006, alleging discrimination, on the bases of

race and gender, in her non-selection for a GS-14 Administrative Management Specialist

position. Defendant filed his Answer on May 24, 2006.   After a scheduling conference held on

July 27, 2006, the Court entered a  Scheduling Order on August 3, 2006.  Pursuant to this

Scheduling Order, the parties were required to exchange initial disclosures by September 5, 2006,

and complete discovery within 180 days of the entry of the Order.

Defendant's initial disclosures were mailed to Plaintiff on September 5, 2006.  Plaintiff's

initial disclosures were not provided to Defendant until November 2006.  Defendant's

preliminary discovery responses and objections were sent to Plaintiff's counsel on December 20,

2006.[2]  Subsequent to the entry of the protective order, Defendant's counsel made several

---

[2] This case had been reassigned on November 29, 2006.  After a review of documents
responsive to Plaintiff's discovery requests revealed information protected by the Privacy Act,

attempts to reach Plaintiff's counsel by telephone to advise him that Defendant's responsive

documents were available and to discuss convenient dates for Plaintiff's deposition.[3]  Unable to

reach Plaintiff's counsel, Defendant's counsel faxed a letter to him on January 3, 2007.  *See*

Defendant's Exhibit ("Def. Exh.") A.  This letter, *inter alia*, advised Plaintiff's counsel that "we

are ready to provide our additional responses to your discovery requests, now that a protective

order is in place."  Attached to the letter was a notice to take Plaintiff's deposition on January 19,

2007.[4]

      Just prior to Plaintiff's scheduled deposition, Plaintiff requested that her deposition be

rescheduled.  Because Plaintiff's counsel stated that he would be unavailable for another

deposition until February 14, 2007, and discovery would close before that date, Defendant's

counsel agreed to file a joint motion to extend discovery.

      In a January 19, 2007 e-mail, Defendant's counsel requested that Plaintiff's counsel

telephone her to discuss potential deposition dates for agency witnesses.  *See* Def. Exh. B.  By

letter dated January 23, 2007, to Plaintiff's counsel, Defendant's counsel confirmed that the joint

---

Defendant's counsel contacted Plaintiff's counsel. The parties agreed to seek a protective order.
With Plaintiff's consent, Defendant withheld certain documents containing information protected
by the Privacy Act, until such time as the protective order was entered by the Court.  A protective
order was subsequently entered on December 22, 2006.

[3] Defendant's December 20, 2006, responses had stated that with respect to certain
documents Defendant would provide those documents "at a mutually convenient date and time to
be negotiated by counsel, and subject to the entry of the Protective Order, Defendant will make
available for inspection and copying."

[4] The letter also stated that "because discovery will close the first part of February, we
have attached a Notice of Deposition for January 19, 2007," but "will be glad to reschedule the
deposition if that date proves inconvenient for you."

motion to extend discovery had been granted, discovery would now close on March 12, 2007, and that Plaintiff's deposition was rescheduled for February 14, 2007.  *See* Def. Exh. C.

On February 12, 2007, Plaintiff requested to reschedule her February 14, 2007, deposition for a second time because of forecasted snow.  During a telephone discussion between the parties' counsel regarding the rescheduling of Plaintiff's deposition, Plaintiff's counsel also suggested that the parties extend discovery a second time.[5]  In addition, Plaintiff's counsel provided potential dates on which he would be available for taking the depositions of agency witnesses, but indicated numerous dates on which he would be unavailable because of scheduling conflicts.  These dates of unavailability of Plaintiff's counsel included the entire week of February 26, 2007, approximately one week before the close of discovery.  After some discussion, the parties reached an agreement on several issues.  This agreement was confirmed in a February 12, 2007, e-mail from Defendant's counsel to Plaintiff's counsel.  *See* Def. Exh. D.[6] In this e-mail, Defendant's counsel also questioned when she would be receiving Plaintiff's overdue responses to Defendant's discovery requests.[7]

Finally, on February 19, 2007, a Federal holiday, two days before Plaintiff's twice

---

[5] At that time, Plaintiff had not noticed any depositions for agency witnesses, despite the fact that over seven months had passed since the entry of the Court's initial Scheduling Order.

[6] It was agreed that:  (1) Plaintiff's counsel would file the consent motion requesting that the parties be allowed to extend discovery until March 23 or 30, 2007, and granting leave for additional depositions; (2) Plaintiff's deposition would be rescheduled for February 22, 2007; and (3) Defendant would not object to Plaintiff taking two additional depositions, if approved by the Court.

[7] These responses had been due on February 3, 2007, and Plaintiff had not requested an extension of time from Defendant.  Moreover, Defendant's counsel obviously wanted to review these responsive documents prior to Plaintiff's deposition.

rescheduled deposition, and two weeks overdue, Plaintiff's counsel sent an e-mail to Defendant's counsel with only Plaintiff's Answers to Interrogatories. *See* Def. Exh. E. The e-mail indicated that documents in response to Defendant's discovery requests would be delivered on February 19 or 20th.[8]

On February 20 and 21, 2007, Defendant's counsel sent several e-mails notifying Plaintiff's counsel that she had not received the responsive documents. In one e-mail, Plaintiff's counsel was again asked to confirm specific dates for depositions of agency witnesses, because at that time, Defendant's counsel had not received any notices of deposition. *See* Def. Exh. F. On February 21, 2007, Defendant's counsel sent a letter advising Plaintiff's counsel that she still had not received the documents in response to Defendant's discovery requests. In addition, he was notified that Plaintiff's deposition might be adjourned and continued on another day to allow review of Plaintiff's responses to Defendant's document requests. *See* Def. Exh. G.[9]

Thereafter, Defendant's counsel sent numerous e-mails advising Plaintiff's counsel that discovery would end on March 12, 2007, unless the consent motion was filed and the parties

---

[8] Of course, they could not be delivered on February 19, 2007, because it was a federal holiday.

[9] The documents were received by Defendant's counsel at approximately 4:00 p.m., on February 21, 2007. On February 22, 2007, Plaintiff's deposition began at approximately 10:00 a.m. It was, to say the least, contentious. After approximately two hours the parties agreed to continue Plaintiff's deposition, but did not agree on a date to complete Plaintiff's deposition. On February 23, 2007, Defendant's counsel sent an e-mail to Plaintiff's counsel in which she provided five potential dates to complete Plaintiff's deposition. Plaintiff's counsel has yet to respond. Moreover, prior to leaving the office after the deposition, Plaintiff's counsel demanded his discovery documents. He was advised that these documents had been available since January 2007, and was reminded that he had been advised of this in Defendant's January letter. *See* Def. Exh. A. Despite this, about an hour later, Plaintiff's counsel sent an e-mail threatening to file a motion to compel. Although under no obligation, Defendant's counsel copied and sent the documents to Plaintiff's counsel by Federal Express.

obtained approval from the Court to continue discovery. *See* Def. Exh. H. Plaintiff's counsel in

several e-mails continued to imply that he planned to file the consent motion. See Def. Exh. I.

However, without any attempt to contact Defendant's counsel by telephone or provide any

reasons,[10] Plaintiff's counsel sent an e-mail on March 7, 2007, stating that Plaintiff intended to

request a thirty-day extension for the completion of discovery and asking if Defendant would

consent. *See* Def. Exh. J.

## II.  ARGUMENT

### A.  Plaintiff Has Consistently Failed to Comply with the Court's Scheduling Order

A Scheduling Order is "intended to serve as 'the unalterable road map (absent good

cause) for the remainder of the case.' " *Olgyay v. Soc. for Envtl. Graphic Design, Inc*., 169

F.R.D. 219, 220 (D.D.C. 1996) (quoting *Final Report of the Civil Justice Reform act Advisory*

*Group of the United States District Court for the District of Columbia* at 39 (Aug. 1993)).

"Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes

in the Court's orders regarding discovery or any other scheduling matter unless expressly

authorized to do so by Rule or by Court order." *Id*. at 219.

Plaintiff has consistently failed to comply with the Court's Scheduling Orders in this

case, including ignoring Plaintiff's obligations before filing this discovery motion. The initial

Scheduling Order requires that:

> Counsel shall confer in good faith in an effort to resolve any discovery disputes
> before bringing the dispute to the court's attention. If after conferring, counsel are

---

[10] Defendant's counsel also notes that, although she had been at Plaintiff's counsel's office for several hours on March 6, 2007, there was no attempt made to discuss changing the parties' agreement regarding the discovery completion date.

still unable to resolve their dispute, before filing a discovery motion, counsel shall
arrange a telephone conference with the court.

*Scheduling Order* at ¶ 11. Yet, Plaintiff's counsel made absolutely no effort to resolve this

dispute and failed to even attempt a telephone conference with Defendant's counsel or the Court.

### B. **Plaintiff Has Consistently Ignored Her Discovery Obligations**

From the initial stages of this case, Plaintiff has exhibited a lack of diligence regarding

her discovery obligations. The Court's initial Scheduling Order provided that "[A]ll dates in this

scheduling order are firm, may not be altered by the parties, and absent truly exceptional and

compelling circumstances, will not be altered by the court." *See* Scheduling Order dated August

3, 2006, ¶ 7. The Initial Scheduling Order also required that the parties exchange Initial

Disclosures within thirty days of the entry of the order, or by September 5, 2006. Despite these

mandates from the Court and an e-mail request on September 21, 2006, Defendant was still

trying to obtain Plaintiff's Initial Disclosures on October 17, 2006, over a month later. *See* Def.

Exh. K. In fact, Defendant did not receive the Plaintiff's initial disclosures until November

2006.

Thereafter, just before her scheduled deposition on January 19, 2007, Plaintiff requested

rescheduling of her deposition. However, Plaintiff's deposition could not be rescheduled until

February 14, 2007, more than three weeks later, because of her counsel's scheduling conflicts.[11]

Not surprisingly, on February 12, 2007, Plaintiff once again requested that her deposition

be rescheduled because of forecasted snow. Although reluctant, Defendant's counsel, yet again,

---

[11] Because discovery would have closed by that time, Defendant agreed to extend the time
for discovery. A modified Scheduling Order was approved by the Court and entered on January
19, 2007.

6

agreed to reschedule Plaintiff's deposition for February 22, 2007, more than a month after the initial date Plaintiff was to have been deposed.

### C.  Plaintiff Has Not Provided Truly and Compelling Circumstances For A Thirty-day Extension to Complete Discovery

Plaintiff's motion for an extension of time to complete discovery is disingenuous. Moreover, her mischaracterization of the facts is intended to distract the Court.[12]

In her motion, Plaintiff alleges that depositions have been scheduled for March 12th and 13th, because the agency witnesses were not available at the time originally requested.  As shown above, this could not be further from the truth.  The scheduling of these depositions on these late dates was the fault of Plaintiff and her counsel.[13]  It was certainly not Defendant's idea to schedule three depositions on the very last day of the discovery period.[14]  Moreover, Defendant's

---

[12] Plaintiff alleges that "[T]he Agency only ranked the white male selectee on the program specialist scoring summary, and failed to select him for that position even though he had the highest score, which allowed the Agency to fill three GS-14 positions with Caucasians." Plaintiff fails to advise the Court that the agency was not required to conduct any interviews with respect to these positions.  She also omits the fact that, in her application for this position, she claimed a college degree that she has not earned, and had claimed this same college degree in an earlier federal application for a position for which she was selected.

[13] Plaintiff fails to advise the Court that several requests were made by Defendant's counsel to Plaintiff's counsel to provide and confirm the dates for the depositions of agency witnesses. *See* Def. Exh. L.  In fact, the dates for several agency witnesses were not confirmed with notices of deposition until March 7, 2007, for depositions scheduled for March 12, 2007. *See* Def. Exh. M; LCvR 30.1.  It is understandable that the witnesses wanted confirmation of their deposition dates, because two of these witnesses live outside the Washington, D.C., metropolitan area and one of the witnesses is retired.

[14] Four out of the six witnesses that Plaintiff had discussed deposing work in Washington, D.C., and they could have been deposed on other days.  To suggest to the Court that these were the only days that these witnesses had been available in the last six months is misleading. Moreover, witnesses are not required to be on "stand-by" while Plaintiff and her counsel decide which days they might be available for depositions.

7

counsel, in numerous e-mails and letters, had made it abundantly clear that no depositions would take place beyond the close of discovery on March 12, 2007, without approval from the Court. *See* Def. Exh. N.

Plaintiff's motion also fails to acknowledge that an extension of the discovery period had previously been granted by the Court because of her request to reschedule her deposition and her counsel's schedule. She also omits to inform the Court of the parties' agreement to extend the discovery period until March 30, 2007, or of the fact that after being rescheduled twice, Plaintiff's deposition has not yet been completed. Plaintiff has consistently ignored the Court's Scheduling Order and Court's rules at her own peril, and she should not profit from her actions.

In any event, Plaintiff's allegation that she learned certain information for the first time at a March 6, 2007, deposition is unsupported by the record.[15] At the deposition on March 6, 2007, the deponent consistently stated that she did not remember all of the events, but remembered that one selectee, who had applied for two positions, was interviewed for both positions at the same time.[16] More significantly, the same information was contained in the witness affidavit of Mr.

---

[15] Plaintiff claims that she learned for the first time "that the Agency did not interview one white male selectee separately for the positions which Plaintiff contends were awarded in a discriminatory manner." She alleges that she needs to conduct additional written discovery and may be additional depositions.

[16] Plaintiff's counsel also attempted to depose this witness with respect to a recent performance rating that had been given to Plaintiff by this deponent, and for which Plaintiff has now filed a new EEO complaint with the agency. Defendant's counsel objected, instructed her witness not to answer, and suggested that the parties' counsel discuss the matter or contact the Court. Plaintiff's counsel refused, but did not continue with the questioning. Subsequently, Defendant's counsel made an attempt to work out an agreement regarding this matter, but was rebuked. If Plaintiff is granted leave to take additional depositions, Defendant will move for a protective order regarding the EEO counseling and discussions regarding Plaintiff's new complaint.

Solomon Ramirez,[17] which states that:

> We had a series of questions that we asked each candidate interviewed. We were selecting for different positions at the same time–two administrative positions and a program area position. The same questions were used for both the administrative and program positions. One or two of the questions only applied to the program or administrative area. If someone had not applied for both positions, they were not asked that specific question. There were several candidates who applied for both positions and so we did it that way instead of having them go through two separate interviews.[18]

*See* Def. Exh. O. This affidavit, dated August 7, 2004, was part of the EEO Investigative Report, and Plaintiff and her counsel have had this information for a considerable amount of time.[19]

Accordingly, Plaintiff's motion should be denied.

### D. Defendant Should Not Be Penalized For Plaintiff's Lack of Diligence

The Court's initial Scheduling Order limited each party to five depositions. Plaintiff has deposed four witnesses, while Defendant has only been allowed to conduct a partial deposition of Plaintiff. Plaintiff should not be rewarded for her lack of diligence throughout the discovery process by allowing her to take additional depositions or serve more written discovery upon Defendant.

---

[17] Plaintiff confirmed during the first part of her deposition that she is not alleging that Mr. Ramirez discriminated against her. Mr. Ramirez was one of three interviewers that conducted the first round of interviews for the position for which Plaintiff applied, but was not selected.

[18] Plaintiff applied only for the administrative positions and not for the program area position. The "white male selectee" referred to in Plaintiff's motion applied for both administrative and program area positions. He was deposed on March 12, 2007.

[19] Additionally, Plaintiff has now had the opportunity to conduct further discovery on this matter during the three depositions held on March 12, 2007. One of the deponents was the "white male selectee" and a second deponent was one of the interviewers and the selecting official.

Defendant has abided by the Court's orders and rules throughout the discovery period. Defendant has also cooperated with Plaintiff during the discovery process as expected by the Court.  In addition, he acted in good faith in attempting to seek the Court's approval for a consent motion granting a two-week extension of the discovery period.  More importantly, Defendant's inability to complete Plaintiff's deposition was occasioned by Plaintiff's conduct in not responding to Defendant's discovery requests.  *See Williams v. Johanns*, 235 F.R.D. 116, 124-25 (D.D.C. 2006) ( recognizing that "defendants are entitled to have answers to their interrogatories and the necessary documents in order to thoroughly conduct subsequent discovery, such as designating expert witnesses and taking depositions.").

Defendant, therefore, requests a two-week extension of the discovery period in order to complete Plaintiff's deposition.  A two-week extension would also allow Plaintiff the opportunity to take her fifth deposition in this case.

### Conclusion

For the foregoing reasons, Defendant respectfully requests that Plaintiff's motion for a thirty-day extension be denied, and that the Court enter an order granting the parties a two-week extension of time for the limited purposes of allowing Plaintiff to depose one agency witness and Defendant to complete Plaintiff's deposition.

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

10

_/s/_
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )
**SEDERIS FIELDS,**             )
                **Plaintiff,**  )
                                )
        **v.**                  )     **Civil Action No. 06-0538 (HHK)**
                                )     **Status Conference April 17, 2007**
**MIKE JOHANNS,**               )
**Secretary of the United States** )
**Department of Agriculture,**  )
                                )
                **Defendant.**  )
_____)

## <u>ORDER</u>

Upon consideration of the Plaintiff's motion for a thirty-day extension of time to

complete discovery, Defendant's opposition, in part, and the entire record, it is hereby

ORDERED that Plaintiff's motion is denied; and it is

FURTHER ORDERED, that the parties will be granted a two-week extension of time for

the limited purposes of completing Plaintiff's deposition and deposing one agency witness; and it

is

FURTHER ORDERED, that no other forms of discovery will be allowed during this two-

week extension; and it is

FURTHER ORDERED, that Plaintiff and her counsel shall make themselves available

during the two-week extension of the discovery period for the completion of Plaintiff's

deposition; and it is

FURTHER ORDERED, that the scheduling order in this case will be modified as follows:

Discovery to be completed by _____**, 2007**;

Dispositive Motions shall be filed no later than _____**, 2007**;

Oppositions shall be filed by _____**, 2007**; and

Replies shall be filed by _____**, 2007**; and it is

Dated this _____ day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE