UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) |  |
| SEDERIS FIELDS, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 06-538 (HHK) |
|  | ) | Status Conference October 12, 2007 |
| MIKE JOHANNS, | ) |  |
| Secretary of the United States | ) |  |
| Department of Agriculture, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

**DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S TESTIMONY
FOR VIOLATION OF COURT ORDERS AND ABUSE OF THE
DISCOVERY PROCESS OR, IN THE ALTERNATIVE, MOTION FOR
ORDER COMPELLING PLAINTIFF'S  ATTENDANCE
AT DEPOSITION AND FOR SANCTIONS**

The Defendant, Mike Johanns, Secretary, United States Department of Agriculture,

through the undersigned attorneys, hereby moves to exclude the Plaintiff's testimony at trial for

violation of Court orders and for abuse of the discovery process.  In the alternative, the

Defendant moves, pursuant to Fed. R. Civ. P. 37, for an order compelling the Plaintiff to make

herself available for the completion of her deposition, and for the Court to impose sanctions

against the Plaintiff for her abuse, and that of her counsel, of the discovery process.  A

Memorandum of Points and Authorities, and a proposed Order accompany these motions.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SEDERIS FIELDS,                         )
                                        )
                 Plaintiff,             )
                                        )
          v.                            )        Civil Action No. 06-538 (HHK)
                                        )        Status Conference October 12, 2007
MIKE JOHANNS,                           )
Secretary of the United States          )
Department of Agriculture,              )
                                        )
                 Defendant.             )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S TESTIMONY
FOR VIOLATION OF COURT ORDERS AND ABUSE OF THE
DISCOVERY PROCESS OR, IN THE ALTERNATIVE,
MOTION FOR ORDER COMPELLING PLAINTIFF'S
ATTENDANCE AT DEPOSITION AND FOR SANCTIONS**

**I.  BACKGROUND**

On April 6, 2007, the Court issued an "Order Extending Discovery Deadline"[1] which

provided:

> [T]he Court determines that a two-week extension of the discovery period is
> warranted, *for the limited purpose* of conducting depositions of one agency
> representative and of plaintiff.  Accordingly, it is this 6th day of April, 2007,
> hereby ORDERED that the discovery deadline is extended *for these purposes*
> until April 20, 2007.

(*emphasis added*).  Pursuant to this Order, on April 10, 2007, the Defendant's counsel served a

---

[1] This Order was issued by the Court in response to a motion made by the Plaintiff to
extend discovery.  The Defendant filed an opposition advising the Court of all the events that had
taken place from the time of entry of the Court's initial scheduling order, and of the Plaintiff's
failure, up to that point, to abide by the Court's scheduling orders.  *See* Defendant's March 16,
2007 Opposition, In Part, to Plaintiff's Motion for a Thirty-day Extension of Discovery.

Notice of Deposition on the Plaintiff's Counsel, Mr. Branch, scheduling the completion of the

Plaintiff's deposition for April 17, 2007.[2]  On that same day, the Plaintiff filed a motion

requesting that discovery be extended until May 4, 2007,[3] which motion the Defendant opposed.

The Court has not yet ruled on that motion.

On April 16, 2007, Mr. Branch advised the Defendant's counsel that because of a death in

his family, his trial had been rescheduled.  Later in the day, Mr. Branch sent an e-mail advising

the Defendant's counsel that the Plaintiff had a conflict and would not be available for her

deposition the next day.  However, Mr. Branch requested that he be allowed to take the agency

representative's deposition on April 18, 2007, or on the morning of April 19, 2007.

At this time, the Defendant's counsel had not been served with a Notice of Deposition for

the agency representative as required by the Court's rules.  Nevertheless, with this short notice,

the Defendant's counsel rearranged her schedule and the agency representative was made

available for his deposition on the morning of April 19, 2007, at Mr. Branch's office.  Notably,

the Plaintiff also attended this deposition.

At the completion of the deposition on April 19, 2007, the Defendant's counsel requested

that Mr. Branch consult his client and provide dates of availability for the completion of her

deposition.  Having received no response, the Defendant's counsel sent an e-mail to Mr. Branch

on April 24, 2007, requesting that he provide available dates to complete the Plaintiff's

---

[2] As indicated in the Defendant's Opposition of April 11, 2007, this Notice of Deposition was served after Mr. Branch refused to provide any convenient dates to complete the Plaintiff's deposition.  *See* Defendant's Opposition to Plaintiff's Motion to Extend Discovery Through May 4, 2007.

[3] In the Plaintiff's motion to extend discovery, Mr. Branch stated that he had a trial beginning April 16, 2007, witness preparation, and other commitments.

deposition.

Through an exchange of e-mails, the Defendant's counsel was ultimately advised by Mr. Branch that the only date he had available from April 30, 2007 through May 28, 2007, was the afternoon of May 1, 2007.  Mr. Branch indicated that he would have to check the Plaintiff's availability.  No additional information has been received from Mr. Branch on this subject.

Incredibly, on the afternoon of April 24, 2007, the Defendant's counsel received an urgent e-mail from agency counsel, because she had learned that a subpoena had been issued in this case by Mr. Branch to the University of Nebraska on April 18, 2007, for one of the selectee's academic records.  The Defendant's counsel contacted the University of Nebraska and was advised by the General Counsel that the records in response to Mr. Branch's subpoena had not yet been sent to him, but that the University had responded to Mr. Branch.

Thereafter, the Defendant's counsel contacted Mr. Branch and asked him why she had not received notice of this subpoena (as required by Fed. R. Civ. P. 45(b)(1)).  She also advised Mr. Branch that the issuance of this subpoena violated the Court's Order of April 6, 2007.  Finally, the Defendant's counsel asked Mr. Branch if other subpoenas had been issued and, if so, why she had not received any notice of those subpoenas.

As if it resolved the matter, Mr. Branch stated that the University was not going to send him the records.  He also indicated that he had issued no other subpoenas since the close of discovery.  Mr. Branch then stated that he would have to check to see if copies of other subpoenas had been mailed to the Defendant's counsel.  As of this date, the Defendant's counsel has not been served with copies of any subpoenas issued by Mr. Branch in this case.

**ARGUMENT**

**I.  THE PLAINTIFF'S TESTIMONY SHOULD BE EXCLUDED AT TRIAL
AND SHE SHOULD BE PRECLUDED FROM USING DOCUMENTS
FOR HER VIOLATION OF THE COURT'S ORDERS AND FOR
ABUSE OF THE DISCOVERY PROCESS**

**A.      Legal Standard**

"Under Rule 37, the district court has broad discretion to impose sanctions for discovery

violations." *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (citing *National*

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976) (per curiam).

Moreover, "[U]nder Fed. R. Civ. P. 37 (b)(2)(C), a district court may sanction parties who fail to

comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens*,

Inc., 71 F.3d 237, 241 (6ᵗʰ Cir. 1995) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d

1067, 1073 (6ᵗʰ Cir. 1990).  A failure to comply with a court's discovery orders is willful

"whenever there is a conscious and intentional failure to comply with the court order[s]. *Bass v.*

*Jostens*, 71 F.3d at 241.

However, "the central requirement of Rule 37 is that 'any sanction must be just.'" *Bonds*

*v. District of Columbia*, 93 F.3d at 808 (quoting *Insurance Corp. v. Compagnie des Bauxites de*

*Guinee*, 456 U.S. 694, 707 (1982)). "In determining whether a severe sanction is justified, the

district court may consider the resulting prejudice to the other party, any prejudice to the judicial

system, and the need to deter similar misconduct in the future." *Id*.  "Considerations relevant to

ascertaining when dismissal, rather than a milder disciplinary measure, is warranted include the

effect of a plaintiff's contumacious conduct on the court's docket, whether plaintiff's behavior

has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the

judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

**B.    The Defendant Has Been Irrevocably Prejudiced**

The conduct of the Plaintiff and her counsel during the discovery process in this case has

been willful.  Their actions have irreparably prejudiced the Defendant by severely hampering his

ability to evaluate the Plaintiff's factual allegations and claims, identify potential witnesses, and

engage in further meaningful discovery.  Moreover, these actions have resulted in unwarranted

delay in this case.

**1.    The Plaintiff's Failure to Attend Her Deposition.**

As shown by the record in this case, the Plaintiff's deposition has been rescheduled

numerous times and, in fact, had to be adjourned the one time she showed up because of her

failure to meet her discovery obligations.  *See Defendant's March 16, 2007 Opposition, In Part,*

*to Plaintiff's Motion for a Thirty-day Extension of Discovery*.  Yet, despite having had notice of

her rescheduled deposition since April 10, 2007, the Plaintiff still failed to attend her deposition

on April 17, 2007.  Instead, the day before the scheduled deposition, the Plaintiff advised Mr.

Branch that she had a conflict.  Not surprisingly, the Plaintiff had no problem attending the

deposition of the agency representative only two days later on April 19, 2007.

**2.    Issuance of Subpoenas Without Notice To Opposing Counsel and**
**In Violation of the Court's Order.**

Even more prejudicial to the Defendant is the failure of Mr. Branch to serve the

Defendant's counsel with copies of subpoenas issued in this case, including the one issued to the

University of Nebraska in violation of the Court's Order of April 6, 2007.  In fact, if not for the

University of Nebraska's insistence on notifying the selectee that his records had been

subpoenaed, the Defendant might never have known of this willful and flagrant violation of the

discovery process in this case.  This abuse should not go unchecked.

The Defendant was entitled to notice of these subpoenas and, if appropriate, the

opportunity to request that a subpoena be quashed.  *See* Fed. R. Civ. P. 45(b)(1).  This is

particularly true of subpoenas issued after the close of discovery.  The unfair advantage gained by

the Plaintiff by engaging in this type of abuse of the discovery process and violation of the

Court's Order is immeasurable and unjustifiable.  Furthermore, given the history of this case, the

Defendant submits that it is obvious that lesser sanctions will prove futile and will not deter

similar conduct by the Plaintiff and her counsel in the future.  *See Shea v. Donohoe Constr. Co.*,

795 F.2d 1071, 1075 (D.C. Cir. 1986).  Accordingly, for these reasons, the Defendant submits

that the Plaintiff's testimony be excluded at trial and that she be precluded from using any

documents obtained in violation of the Court's order or in response to subpoenas not served on

the Defendant's counsel.

## II.  SANCTIONS SHOULD BE IMPOSED FOR THE WILLFUL CONDUCT OF PLAINTIFF AND HER COUNSEL

Alternatively, the Defendant requests that lesser sanctions be imposed by the Court.

Throughout this case, the Plaintiff and her counsel have displayed a willful disregard for the

Court's orders and rules governing discovery. [4]  Their complete lack of diligence in regard to the

---

[4] As discussed in "Defendant's March 16, 2007, Opposition, In Part, to Plaintiff's Motion for a Thirty-day Extension of Discovery" the Plaintiff's Initial Disclosures were due on September 5, 2006, but were not received by the Defendant until November 2006, and the Plaintiff's responses to the Defendant's discovery requests were more than two weeks late. Additionally, prior to April 17, 2007, the Plaintiff had rescheduled her deposition three times, and the one time she appeared, the Plaintiff's deposition had to be adjourned because of her failure to provide her discovery responses on time.  Moreover, in violation of the Court's Order of April 6, 2007, the Plaintiff failed to appear for her deposition scheduled on April 17, 2007,

Plaintiff's discovery obligations should not be tolerated.

It is only by pure chance, that the Defendant learned that the Plaintiff was continuing to seek discovery after the close of discovery and in violation of a Court Order, while all the time refusing to attend her deposition. Given this evidence of willful behavior, it is difficult to believe that the Plaintiff and her counsel will not continue to attempt to gain unfair advantages in this case by engaging in the same type of improper conduct.

The rules and orders of this Court have a purpose. Both parties should be able to rely on them and assume that they are being treated equally and fairly. The Plaintiff's disregard for these rules and orders of this Court calls in question the integrity of the judicial system. Accordingly, sanctions are appropriate.

The Defendant requests that, if the Plaintiff's testimony is not excluded, she and Mr. Branch be compelled to make themselves available, at the convenience of the Defendant's counsel, for the completion of the Plaintiff's deposition within two weeks of the Court's ruling on this motion. The Defendant also requests that the Plaintiff be ordered to pay for the costs of her deposition.

Moreover, for the issuance of subpoenas in violation of the Court's Order of April 6, 2007, and for the failure to serve the Defendant's counsel with copies of any other subpoenas issued in this case, the Defendant requests that sanctions be imposed, including that: (1) Mr. Branch be compelled to provide to the Court and to the Defendant's counsel, copies of all

---

and her counsel issued at least one subpoena after the close of discovery and in violation of the Court's Order of April 6, 2007. Finally, the Plaintiff's counsel has acknowledged that he has failed to provide any notices to the Defendant of subpoenas issued in this case in violation of Fed. R. Civ. P. 45(b)(1).

subpoenas issued in this case; (2) the Plaintiff be required to provide the Defendant with any

documents obtained in response to such subpoenas; (3) the Court quash any outstanding

subpoenas not served upon the Defendant; and (4) the Plaintiff be precluded from utilizing any

such evidence obtained in violation of the Court's order and rules.

**Conclusion**

WHEREFORE, for the foregoing reasons, the Defendant respectfully submits that this

Court should impose sanctions in this case.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **SEDERIS FIELDS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0538 (HHK)** |
| | ) | **Status Conference October 12, 2007** |
| **MIKE JOHANNS,** | ) | |
| **Secretary of the United States** | ) | |
| **Department of Agriculture,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of the Defendant's motion to exclude the Plaintiff's testimony at trial, or, in the alternative, motion for an order compelling the Plaintiff to attend her deposition and for sanctions, the Plaintiff's opposition, and the entire record, it is hereby

ORDERED, that the Defendant's motion to exclude the Plaintiff's testimony at trial is **GRANTED**, and it is

FURTHER ORDERED, that the Plaintiff's testimony shall be excluded at any trial of this case.

_____

ORDERED, that the Defendant's motion to compel the Plaintiff to attend her deposition is **GRANTED**; and it is

FURTHER ORDERED, that the Plaintiff and her counsel will make themselves available, at the convenience of the Defendant's counsel, within two weeks of this Order, for the purpose of taking the Plaintiff's deposition; and it is

FURTHER ORDERED, that the Plaintiff shall pay the costs of her deposition; and it is

FURTHER ORDERED, that the Plaintiff's counsel shall provide the Court and the

Defendant's counsel with copies of all subpoenas issued in this case within 3 days of this Order;

and it is

FURTHER ORDERED, that copies of all records obtained from the issuance of

subpoenas in this case shall be provided to the Defendant's counsel within 5 days of the date of

this Order; and it is

FURTHER ORDERED, that all outstanding subpoenas issued in this case and not yet

served on the Defendant are hereby quashed; and it is

FURTHER ORDERED, that the Plaintiff is precluded from utilizing any evidence

obtained in violation of the Court's orders or rules; and it is

FURTHER ORDERED, that the scheduling order in this case will be modified as

follows:

Discovery closes on **April 20, 2007**;

Dispositive Motions shall be filed no later than **60 days from the date of [this Order]**

**[the completion of the Plaintiff's deposition]**;

Oppositions shall be filed within 30 days thereafter; and

Replies shall be filed within 15 days after the Oppositions are due.

Dated this _____ day of _____, 2007.

_____

UNITED STATES DISTRICT JUDGE