# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

### Civil Division

| | |
|---|---|
| SEDERIS FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-0538 (HHK) |
| ) | |
| MIKE JOHANNS, SECRETARY, U.S. ) | Magistrate Judge Kay |
| DEPARTMENT OF AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Plaintiff's Motion for One Week Extension to File Opposition to Defendant's Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at Deposition, and Motion for Sanctions**

Comes now the Plaintiff, by and through counsel, and files this motion for one week extension to file opposition to Defendant's Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at Deposition, and Motion for Sanctions, and in support thereof, states as follows.

Defendant has filed a Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at Deposition, and Motion for Sanctions.  Defendant essentially seeks to compel plaintiff's attendance to complete her deposition.  Defendant took Plaintiff's deposition for the better part of the day on February 22, 2007, but requested an additional few hours because there was a delay in Defendant counsel's receipt of the discovery documents.  Plaintiff's counsel agreed to make Plaintiff available.  Defendant's counsel arbitrarily

scheduled Plaintiff's deposition on April 18, 2007, without consulting with Plaintiff's counsel for that date, and during a week when she knew Plaintiff's counsel was scheduled for trial, that also happened to be a day Plaintiff was on medical leave for scheduled medical procedure.  Plaintiff's counsel later offered May 1 and May 4, 2007, to complete the deposition and Defendant's counsel declined May 1, and did not respond for May 4, 2007.   Because Defendant's motion includes a number of unfounded allegations, Plaintiff's counsel must provide a substantive response and include documents.  Counsel needs an additional week to respond to the motion because since the motion was filed, counsel was required to an exhaustive appellate brief in the matter of Charles Taylor v. WASA on May 2, 2007 in the D.C. Court of Appeals, and was required to prepare for and attend extensive pretrial hearings in the D.C. Superior Court in  the matters of Vivek Kumar v. WASA on May 1, 2007, and Patricia Hunter v. WASA on May 2, 2007.  In addition, counsel filed a response to dispositive motions in the matter of Kilby Robb v. Spelling before Judge Bates, on May 9, 2007, and Sharma v. WMATA on May 10, 2007 before Judge Hogan;  and must complete post certification discovery in a class action pending before the EEOC before May 11, 2007 in the matter of Armstorng v. Internal Revenue Service; and prepare for a week long trial beginning on May 14, 2007 in the matter of Dandridge v. Winn Residential before Judge Retchin in the D.C. Superior Court.

     Plaintiff's counsel requested that Defendant's counsel consent to a ten day extension to respond to the motion, but Defendant's counsel would not consent.

Respectfully submitted,

By: _____/s/_____
David A. Branch #438764
Law Offices of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805
Attorney for Plaintiff

**Certificate of Service**

I hereby certify this 15th day of May 2007, that a copy of the foregoing Motion for a One Week Extension motion for one week extension to file opposition to Defendant's Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at Deposition, and Motion for Sanctions was sent electronically to counsel for Defendant, Judith Kidwell, AUSA, 555 4th Street, NW, Washington, DC 20530.

_____/s/_____
David A. Branch