**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

Civil Division

| | |
|---|---|
| SEDERIS FIELDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY, U.S. )<br>DEPARTMENT OF AGRICULTURE, )<br>)<br>Defendant. )<br>) | Civil Action No.: 06-0538 (HHK)<br><br>Magistrate Judge Kay |

**Plaintiff's Opposition to Defendant's Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at Deposition, and Motion for Sanctions**

Comes now the Plaintiff, by and through counsel, and files this opposition to Defendant's Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at Deposition, and Motion for Sanctions, and in support thereof, states as follows.

**Argument**

Defendant has filed a motion to exclude Plaintiff's testimony for violation of court orders or in the alternative, motion to compel Plaintiff's attendance at deposition and for sanctions because Plaintiff has not made herself available to complete her deposition and Plaintiff's counsel issued a subpoena during a period when discovery was limited. Because Plaintiff has not objected to making herself available to complete her deposition, and because any misunderstanding in the court's order on the extent of discovery and issuance of a subpoena must be attributable to Plaintiff's counsel, the

motion to exclude Plaintiff's testimony, motion to compel and for sanctions should be denied.

Defendant complains generally about delays in this matter. Plaintiff acknowledges there have been some delays in this matter but disputes any delays significantly more that in a typical civil case and disputes that Defendant has been prejudiced in any way. Beginning in December 2006 and continuing through April 2007, delays in this matter were caused in part because Plaintiff's counsel was required to take unscheduled early paternity leave for the birth of his daughter and to care for his two year old daughter in December 2006 and January 2007, lost two attorneys in the firm's practice and had to provide coverage for the two attorneys, and only one has been replaced, and suffered a death of a close family member.

Plaintiff requested a thirty day extension of discovery in March 2007, which Defendant opposed. On April 6, 2007, the court extended discovery for two weeks until April 20, 2007. Plaintiff's counsel was on travel in Florida from April 6 through April 9, 2007 and did not return to the office until April 10, 2007. On April 10, 2007, Plaintiff's counsel informed the AUSA that he was scheduled for trial the week of April 16, 2007 and would request an extension of discovery for two weeks. Ex. A. The AUSA immediately scheduled the deposition of the Plaintiff on April 17, 2007, a day she knew counsel was scheduled for trial. Plaintiff's counsel suffered a death in his immediate family the week of April 10, 2007 and the trial before Judge Alprin in the D.C. Superior Court, Carter v. District of Columbia Government, had to be continued because counsel knew he would have to travel to Chicago the week of April 16, 2007 and assist in planning the funeral and serve as a pall bearer. On April 16, 2007, Plaintiff's counsel

2

advised the AUSA that he had a death in his family and would need to travel to Chicago the week of April 16, 2007. Ex. B.  Plaintiff's counsel contacted the Plaintiff to ask if she could attend her deposition on April 17, 2007.  Plaintiff's counsel was informed by the Plaintiff that she had a preplanned medical procedure on April 17, 2007 and would not be able to participate in a deposition on April 17, 2007.  Plaintiff's counsel thereafter informed the AUSA that Plaintiff had a conflict on April 17, 2007 and later informed the AUSA that the Plaintiff was on Agency approved "sick leave" and had a "medical procedure" on April 17, 2007.  Ex. C and D.  Following the deposition on April 19, 2007, Defendant's counsel did request another date for Plaintiff's deposition during the week of April 30, 2007.  Plaintiff's counsel attended the funeral in Chicago and returned to the office on April 23, 2007.  The AUSA thereafter requested a date between April 30 and May 4, 2007.  Plaintiff's counsel promptly responded that the afternoon of May 1, 2007 was available.  Ex. E.  The AUSA thereafter requested dates the following week.  Ex. F.  Plaintiff's counsel advised the AUSA that he had other court commitments the week of May 7, 2007, and a trial the week of May 14, 2007, and other court commitments and depositions the week of May 21, 2007.  Ex. F.  On May 1, 2007, Plaintiff's counsel advised the AUSA that May 4, 2007 was available. Ex. G.

      The AUSA declined any of the dates offered to complete the deposition and filed this motion.  Plaintiff has attempted in every way to accommodate the Defendant in scheduling the completion of her deposition.  Plaintiff's deposition was previously scheduled for February 14, 2007.  On February 13, 2007, there was a forecast of a major winter storm for Washington, D.C. for the following day.  The parties agreed to reschedule the deposition for February 22, 2007.  On February 19, 2007, which was a

3

federal holiday, Plaintiff's counsel sent an email to Defendant's counsel advising that responses to discovery was being sent electronically, and documents were available to be delivered if the AUSA was in the office.  There was no response from the AUSA, and Plaintiff's counsel had the documents hand delivered the morning of February 20, 2007.  Plaintiff's deposition took place on February 22, 2007.   Apparently, due to the delay in the internal mail system of the U.S. Attorney's Office, the AUSA had not received the documents at the time of the deposition.  Plaintiff's counsel agreed to make the Plaintiff available to complete the deposition.  From this point, the parties proceeded in taking the depositions of witnesses to be deposed by the Plaintiff, including Ken Nagel, Patrick Spalding, Linda Trese, John Chott and Doug Frago.  Only after these depositions were taken was there an attempt to complete the deposition of the Plaintiff.

Plaintiff remains available at any time to complete her deposition, with the exception of dates Plaintiff's counsel is scheduled for trial.  Plaintiff's counsel is scheduled for trial the weeks of June 18 and June 25, 2007 in the D.C. Superior Court.

The Defendant also argues that a subpoena was issued during the period that the court extended discovery from April 6 through April 20, 2007.  In the opposition to the motion for an extension of discovery, Defendant made an issue of the fact that it believed Plaintiff misrepresented that she had a college degree on a job application.  After reviewing records produced during discovery and taking the depositions of two of the selectees for the promotion, it was questionable whether these individuals had college degrees.   Plaintiff's counsel did not recall that discovery was limited to two depositions, and issued subpoenas to the University of Nebraska and Purdue University to obtain

4

some type of confirmation that these individuals, Ken Nagel and Patrick Spalding, had obtained college degrees. The schools did not produce any records.

In the instant motion as a sanction for this action, Defendant requests that: 1) Plaintiff produce all subpoenas issued in this case; 2) that Plaintiff be required to provide Defendant with any documents obtained in response to the subpoenas; 3) that the Court quash any outstanding subpoenas not served on the Defendant; and 4) that the Plaintiff be precluded from utilizing any such evidence obtained in violation of the Court's order and rules.

As noted, the schools did not produce any records, and therefore there is nothing to be produced or provided to the Defendant. Defendant has not been prejudiced. To the extent, the court finds any merit to any of Defendant's claims, any fault was inadvertent and should be attributed to Plaintiff's counsel and Plaintiff should not be sanctioned in any way.

Plaintiff requests that the motion to exclude Plaintiff's testimony, motion to compel and for sanctions be denied.

Respectfully submitted,

By:   _____/s/_____
      David A. Branch #438764
      Law Offices of David A. Branch, P.C.
      1825 Connecticut Avenue, NW #690
      Washington, D.C.  20009
      (202) 785-2805
      Attorney for Plaintiff

**Certificate of Service**

I hereby certify this 29th day of May 2007, that a copy of the foregoing Opposition to Defendant's Motion To Exclude Plaintiff's Testimony for Violation of Court Orders, or in the alternative, Motion to Compel Plaintiff's Attendance at

5

Deposition, and Motion for Sanctions was sent electronically to counsel for Defendant, Judith Kidwell, AUSA, 555 4th Street, NW, Washington, DC 20530.

_____/s/_____
David A. Branch