## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SEDERIS FIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0538 (HHK/AK)** |
| | ) | **Status Conference October 12, 2007** |
| **MIKE JOHANNS,** | ) | |
| **Secretary, United States** | ) | |
| **Department of Agriculture,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S REPLY TO THE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S TESTIMONY OR, IN THE ALTERNATIVE, COMPELLING PLAINTIFF'S ATTENDANCE AT DEPOSITION AND FOR SANCTIONS

### I.    The Plaintiff is Bound By Her Counsel's Acts and Omissions

The Plaintiff, while offering a litany of excuses for violating the Court's orders and rules, argues that her counsel is to blame, and that the Plaintiff should not, therefore, be sanctioned. While a somewhat novel approach, the Plaintiff has cited no case law, nor is the Defendant aware of any, that stands for the proposition that the Plaintiff and her counsel are somehow separate entities. Such attempts to compartmentalize the infractions in this case are without merit.

The Plaintiff has voluntarily chosen Mr. Branch as her representative in this action, and she "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash Railroad Company*, 370 U.S. 626, 633-634 (1962) (holding that "[T]here is no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by

the acts of his lawyer-agent . . ."  *Link v. Wabash Railroad Company*, 370 U.S. at 633-634.

II.    **The Plaintiff Has Consistently Violated The Court's Orders and Rules**.

    A.    **The Plaintiff's Deposition**

The attempts to downplay the dilatory tactics used by the Plaintiff and her counsel, and their repetitive violations of the Court's orders and rules are equally unpersuasive.  The Plaintiff has contended that she has already been deposed the "better part of a day."[1]  In fact, as shown by the transcript, the Plaintiff's deposition began on February 22, 2007, at 10:00 a.m., and it was adjourned at 1:00 p.m., with a short break during the deposition.  *See* Govt. Exh. B.  Moreover, the Plaintiff's deposition had already been rescheduled a number of times before that date,[2] and the Defendant was forced to adjourn the Plaintiff's deposition only because the Plaintiff's responses to the Defendant's discovery requests were late and received at 4:00 p.m., the day before the scheduled deposition.[3]  *See* Govt. Exh. A.

---

[1] The Plaintiff has alleged that "[D]efendant took Plaintiff's deposition for the better part of the day on February 22, 2007, but requested an additional few hours because there was a delay in Defendant's counsel's receipt of discovery documents.  Plaintiff's counsel agreed to make Plaintiff available."  *See* Plaintiff's May 15, 2007, Motion for an Extension of Time to File An Opposition.  Nothing could be farther from the truth.  The Defendant's counsel advised the Plaintiff's counsel in a letter prior to the deposition that she would have to adjourn the deposition and continue it another day.  *See* Government Exhibit ("Govt. Exh.") A.  There was no agreement between the parties to make the Plaintiff available for a few more hours as suggested by the Plaintiff.

[2] The Plaintiff's deposition was initially scheduled for January 19, 2007.  Just prior to that date, the Plaintiff requested that her deposition be rescheduled.  However, the Plaintiff's counsel advised the Defendant's counsel that he would not be available until February 14, 2007.  On February 12, 2007, the Plaintiff again requested to reschedule her deposition because of forecasted snow.  The Plaintiff's deposition was rescheduled for February 22, 2007.

[3] The Plaintiff's discovery responses had been due on February 3, 2007.  They were received by the Defendant's counsel on February 21, 2007, at approximately 4:00 p.m.

Furthermore, the Plaintiff's counsel was served on April 10, 2007, with the Defendant's notice that the completion of the Plaintiff's deposition had been scheduled for April 17, 2007.[4] *See* Govt. Exh. C. Yet, the Defendant's counsel was not notified until April 16, 2007, that the Plaintiff would not be appearing for her deposition on April 17, 2007, because of "a conflict." *See* Govt. Exh. D. The Plaintiff's contention that she could not attend her deposition on April 17, 2007, or reschedule it that week, is contradicted by: (1) the fact that she did not request leave from the agency until April 12, 2007; (2) her counsel's e-mails; and (3) by her presence two days later on April 19, 2007, at the deposition of the agency representative.[5] *See* Govt. Exhs. D, E, F, and G.[6]

---

[4] In the Plaintiff's May 15, 2007, motion for an extension to file an opposition, the Plaintiff states that "[D]efendant's counsel arbitrarily scheduled Plaintiff's deposition on April 18, 2007, without consulting with Plaintiff's counsel for that date, and during a week when she knew Plaintiff's counsel was scheduled for trial, that also happened to be a day Plaintiff was on medical leave for scheduled medical procedure." In fact, the Defendant's counsel scheduled the completion of the Plaintiff's deposition for April 17, 2007, only after the Plaintiff failed to provide available dates as requested prior to the end of discovery on April 20, 2007, pursuant to the Court's April 6, 2007 Order. If the Plaintiff had a scheduled medical procedure for that day, she should have been able to notify her counsel and the Defendant's counsel well before April 16, 2007 at 4:36 p.m. *See* Govt. Exh. D.

[5] Despite having served no notice of deposition, the Plaintiff's counsel requested that he be allowed to take the deposition of the agency representative on April 18 or April 19, 2007. The deposition was taken on April 19, 2007. If not for the representations by the Plaintiff's counsel that the Plaintiff was undergoing medical treatment, the Defendant's counsel would have insisted on rescheduling the Plaintiff's deposition on one of those dates. Instead, the defendant's counsel was forced to start requesting dates beyond the April 20, 2007, deadline for which she would have sought Court approval.

[6] The Plaintiff protests that her counsel initially had a trial scheduled that week, and that he, subsequently, had to travel to Chicago because of a death in the family. However, it does not appear that any trials would have been started in the Superior Court on April 16, 2007, because of Emancipation Day. Moreover, these explanations do not address the Plaintiff's failure to notify the Defendant's counsel until the day before the scheduled deposition or reschedule her deposition for April 19th, when both she and her counsel were apparently available.

Amazingly, the Plaintiff argues that she could have been deposed on May 1, 2007 or May 4, 2007,[7] despite the Court's order ending discovery on April 20, 2007. *See* Court's Order of April 6, 2007. [8] Notably, the e-mail provided to the Court in this regard suggests that the Plaintiff's counsel would be available on these dates. It says nothing about the Plaintiff. *See* Plaintiff's Exh. G. In addition, the Plaintiff's counsel had previously advised the Defendant's counsel that the only date he had available was May, 1, 2007. *See* Plaintiff's Exh. E.

**B.** **Failure To Serve The Defendant's Counsel With Copies of Subpoenas**

The Defendant is also unaware of any authority that excuses the Plaintiff's violations of the Court's orders or rules because of her counsel's alleged memory lapses. The Plaintiff's counsel not only "forgot" about the Court's specific order limiting discovery to only two depositions,[9] he also forgot to serve the Defendant's counsel with copies of the subpoenas he issued in violation of the Court's order.[10] Additionally, there is reason to believe that the Plaintiff has failed to serve the Defendant's counsel with other subpoenas issued during

---

[7] The May 4, 2007, date was offered by the Plaintiff's counsel after the filing of the Defendant's motion herein, and that date would have been in violation of the Court's April 6, 2007, Order ending discovery on April 20, 2007.

[8] The Court, subsequently, denied the Plaintiff's motion to continue discovery until May 4, 2007. *See* Court's Minute Order of May 1, 2007.

[9] The Court's Order of April 6, 2007, limiting discovery was the result of considerable litigation by the parties. *See Defendant's Opposition, In Part, To Plaintiff's Motion For A Thirty-Day Extension of Discovery*.

[10] The Defendant's counsel was not even aware that the Plaintiff had also issued a subpoena to Purdue University until she read the Plaintiff's Opposition, because a copy of this subpoena was also never served on the Defendant's counsel.

4

discovery.[11]

Moreover, the Plaintiff's suggestion that the selectees' academic records were subpoenaed because an issue had arisen regarding their academic background is disingenuous to say the least.[12]  The only issue during discovery about academic qualifications pertains to the Plaintiff, because she was forced to admit during the first part of her deposition that she does not have a Bachelor of Science ("B.S.") degree in Business Management.  Yet, the Plaintiff has claimed to have obtained a B.S. degree on two separate federal applications for employment, including on her application for the position at issue in this case.  The Plaintiff's deceptive and improper attempts to go on "fishing expeditions" in the selectees' academic records speaks for itself.

### Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Court grant the Defendant's motion to exclude the Plaintiff's testimony or, in the alternative, to compel the Plaintiff's attendance at deposition and to impose sanctions.

---

[11] In a telephone conversation between the Defendant's counsel and Mr. Branch about the subpoena to the University of Nebraska, the Defendant's counsel asked Mr. Branch about other subpoenas that may have been issued without copies to the Defendant's counsel.  Mr. Branch stated that he had not issued any other subpoenas since the close of discovery.  He further stated that he would have to check to see if copies of subpoenas had been mailed to the Defendant's counsel.  These statements suggest that the Plaintiff has issued other subpoenas in this case without notice to the Defendant's counsel.  It is interesting that the Plaintiff's counsel failed to mention the subpoena to Purdue University during this telephone conversation.

[12] Both of these selectees were deposed and questioned about their academic records and degrees.  There is not a scintilla of evidence to suggest that either of them were lying under oath.

5

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


___/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250