UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEDERIS FIELDS,

        Plaintiff,

v.

MIKE JOHANNS, SECRETARY, U.S.
DEPARTMENT OF AGRICULTURE,

        Defendant.

Civil Action No. 06-538 (HHK/AK)

## MEMORANDUM ORDER

Pending before the Court are [17] Defendant's Motion to Exclude Plaintiff's Testimony for Violation of Court Orders and Abuse of the Discovery Process or, in the Alternative, Motion for Order Compelling Plaintiff's Attendance at Deposition and for Sanctions ("Motion"), Plaintiff's [21] Opposition thereto, and Defendant's [22] Reply. For the reasons set forth below, Defendant's Motion is **GRANTED in part and DENIED in part**.

### Background

In July 2003, Plaintiff, an African-American female and longtime employee of the United States Department of Agriculture ("USDA" or "Defendant"), unsuccessfully applied for a new position within the agency. (Compl. [1] ¶ 6.) According to Plaintiff, two less-qualified Caucasian males ("the selectees") were instead selected for the position. (Id. ¶¶ 7-8.) Plaintiff filed a Complaint against the USDA in this court in March 2006, alleging race and gender

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). (*Id.* ¶¶ 11-14.)

Discovery in this case commenced in August 2006 and was originally set to conclude by February 3, 2007. *See* Scheduling Order [6] dated 8/3/06. In response to a joint request from the parties, the trial court extended discovery through March 12, 2007. *See* Minute Order dated 1/23/07.

USDA commenced Plaintiff's deposition on February 22, 2007. It was unable to complete the deposition on this date, however, as it had not been able to adequately review Plaintiff's discovery responses beforehand.[1] Following this, Plaintiff requested a second extension of discovery, which USDA opposed. On April 6, 2007, the trial court granted this extension through April 20, 2007 specifically for the purpose of completing Plaintiff's deposition and allowing Plaintiff to depose the agency representative.[2] *See* Order [13] dated 4/6/07. On April 10, 2007, following unsuccessful attempts to schedule Plaintiff's deposition on a mutually convenient date, USDA served Plaintiff's counsel Mr. Branch with a notice scheduling her deposition for April 17, 2007. (*Id.* at 1-2.)

On the afternoon of April 16, 2007, Branch informed counsel for USDA that, because of a conflict, Plaintiff would be unable to attend her deposition the next day. (Mot. at 2.) The parties were subsequently unable to agree upon a date for rescheduling Plaintiff's deposition. (*See id.* at 2-3.)

---

[1] According to USDA, Plaintiff's discovery responses, which were late, were received by counsel for USDA the afternoon before the deposition. (Reply at 2 n. 1; *see also* Mot. at 6 n. 4.)

[2] Plaintiff also requested a third extension of discovery until May 4, 2007, which the trial court denied.

On April 24, USDA learned that, after the close of discovery, Mr. Branch had issued a subpoena to the University of Nebraska seeking academic records for one of the selectees. USDA never received notice of the subpoena. (*See* Mot. at 3.)

### USDA's Motion

USDA filed the instant Motion on April 30, 2007, seeking to have Plaintiff's testimony excluded at trial. (Mot. at 6.) In the alternative, USDA proposes that Plaintiff and her counsel be compelled to make themselves available for the completion of Plaintiff's deposition, and that Plaintiff be ordered to pay the costs of her deposition. (*Id.* at 7.) USDA also requests certain sanctions for Plaintiff's issuance of subpoenas without notice to USDA after the close of discovery. (*See id.* at 7-8.)

USDA requests these sanctions under Rule 37 on the basis that Plaintiff willfully abused of the discovery process. According to USDA, Plaintiff's abuses include failing to appear for a properly noticed deposition and issuing subpoenas in violation of the trial court's April 6 Order, which extended discovery only for the completion of the two depositions. (Mot. at 5-6.) USDA claims that Plaintiff's actions have caused delay in the case and "irrevocably" prejudiced it by "severely hampering [its] ability to evaluate the Plaintiff's factual allegations and claims [and] identify potential witnesses." (*Id.* at 5.)

### Plaintiff's Opposition

In the Opposition, Mr. Branch attempts to explain his difficulties in scheduling Plaintiff's deposition during the discovery period. He cites a number of personal and professional issues such as unscheduled early paternity leave, a death in his immediate family, a busy case load, and the recent departure of two attorneys from his firm. (Opp'n 1-3.)

Branch also states that he issued only two subpoenas (one to the University of Nebraska and one to Purdue University) seeking the academic records of the two selectees. According to Branch, he sought the records only after the USDA questioned the validity of Plaintiff's college credentials in a March 19, 2007 opposition brief. (*See* Opp'n at 4.) Branch further states that he began to question the selectees' own academic credentials after reviewing their personnel files and taking their depositions. (*Id.* at 4.) Counsel concludes that the lack of notice of the subpoenas was inadvertent and, in any event, Defendant was not prejudiced because no records were ever produced by the two schools. (*Id.* at 5.)

### **The July 20, 2007 Hearing**

The Court held a hearing on this matter on July 20, 2007. Upon consideration of the positions of the parties, and without ruling on all aspects of the instant Motion, the Court in its discretion declined to exclude Plaintiff's testimony at trial.[3] Instead, the Court granted USDA's alternative request to compel Plaintiff to complete her deposition.[4] The parties subsequently scheduled the deposition for August 29, 2007, and the USDA issued notice of deposition for that date.

---

[3] Under Rule 37(b)(2)(B), a court may issue an order "prohibiting [the offending] party from introducing designated matters in evidence." Although Rule 37(b)(2) is directly triggered when a "party fails to obey an order to provide or permit discovery," its sanctioning power is also available under Rule 37(d) when a party fails to attend its own deposition. *See* Fed. R. Civ. P. 37(d) (upon failure of party to attend own deposition, court "may take any action authorized under subparagraphs (A), (B), and (C) of [Rule 37(b)(2)].")

The district court has wide discretion to impose sanctions under Rule 37 for discovery violations. *Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996). "The central requirement of Rule 37 is that 'any sanction must be just.'" *Id.* at 808. Although Plaintiff, through her counsel, has repeatedly shown disregard for the discovery process, the Court finds that precluding her from testifying at her own trial would be so severe a sanction as to be tantamount to dismissal. Furthermore, the Court finds that allowing Plaintiff's deposition to proceed would greatly mitigate the prejudice she has caused USDA.

[4] Under the circumstances, the Court declines at this time impose Rule 37 monetary sanctions upon Plaintiff or her counsel. However, Defendant may revisit this issue with the Court should Plaintiff's discovery abuses continue.

**Discussion**

Still pending before the Court is the USDA's request for additional sanctions against Plaintiff for issuing two subpoenas without notice after the close of discovery. The requested sanctions are as follows: (1) that Plaintiff's counsel be compelled to provide to the Court and to the Defendant's counsel, copies of all subpoenas issued in this case; (2) that Plaintiff be required to provide the Defendant with any documents obtained in response to such subpoenas; (3) that the Court quash any outstanding subpoenas not served upon the Defendant; and (4) that the Plaintiff be precluded from utilizing any such evidence obtained in violation of the Court's order and rules. (Mot. at 7-8.)

In the Court's view, the two subpoenas were an improper attempt to end-run the discovery deadline. Moreover, Plaintiff did not first attempt to obtain the desired documents through Defendant. More significantly, Plaintiff's failure to provide notice of the subpoenas could have been highly prejudicial to USDA, potentially preventing it from objecting before any documents or information were produced.

USDA seeks the aforementioned sanctions under Rule 37 of the Federal Rule of Civil Procedure. However, USDA has not provided an explanation, or any case law, in support of the proposition that Rule 37 sanctions are available for a party's improper issuance of a Rule 45 subpoena *duces tecum*. In any event, the imposition of such measures is unnecessary. Plaintiff has represented to the Court that it issued only the two subpoenas following discovery, and did not receive any documents or information in response to the subpoenas. Furthermore, because discovery has long since closed, Plaintiff may not seek transcripts or other confirmation of the selectee's academic records, unless the trial court directs otherwise.

**Conclusion**

For the foregoing reasons, it is on this  10th  day of August, 2007, hereby

**ORDERED** that Defendant's Motion is **GRANTED in part and DENIED in part**; and it is

**FURTHER ORDERED** that discovery shall be reopened for the sole purpose of permitting Defendant to complete the deposition of Plaintiff.  Plaintiff shall attend the said deposition, scheduled to commence at 1:00 p.m. on August 29, 2007; and it is

**FURTHER ORDERED** that Defendant's request that Plaintiff be ordered to pay the costs of her deposition is **DENIED without prejudice**; and it is

**FURTHER ORDERED** that Defendant's request that certain sanctions be imposed for Plaintiff's issuance of subpoenas without notice after the close of discovery is **DENIED as unnecessary**.

**SO ORDERED**.

                                                            /s/
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE