# ATTACHMENT H

Case 1:06-cv-00538-HHK    Document 29-10    Filed 02/28/2008    Page 1 of 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| Sederis Fields,<br>Complainant,<br><br>v.<br><br>Ann M. Veneman,<br>Secretary,<br>Department of Agriculture<br>Agency. | ) EEOC No. 100-2004-00876X<br>) Agency No. 8040175<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date: April 18, 2005 |

## ORDER OF ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision judgment in the above-captioned matter is hereby entered. A Notice to the Parties explaining their appeal rights is attached to the Decision.

This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval by calling Kimberly Byrd at (202) 419-0705. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes it shall be presumed that the parties received the foregoing Decision within five (5) business days after the date they were sent via first class mail.

It is so ORDERED.

_____
Vance Ted Henry
Administrative Judge
(202) 419-0717
(202) 419-0701 Fax

To:

Sederis Fields
9308 Locksley Road
Fort Washington, MD 20744

301-839-6223

Paul V. Bennett
133 Defense Hwy #209
Annapolis, MD 21401

410-974-6000
410-224-4590 FAX

Ejike H. Obineche, Esq.
FSA/HRD/ELRB
United States Department of Agriculture
1400 Independent Avenue SW
Stop Code 5091
Washington, DC 20250-0591

2-418-8969
2-418-9119 FAX

Chief
Employment Adjudication Division
Office of Civil Rights
United States Department of Agriculture
1400 Independent Avenue SW
Stop Code 9406
Washington, DC 20250-9406

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office
1801 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| Sederis Fields,<br>  Complainant,<br><br>v.<br><br>Ann M. Veneman,<br>Secretary,<br>Department of Agriculture<br>  Agency. | ) EEOC No. 100-2004-00876X<br>) Agency No. 8040175<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date:   April 18, 2005 |

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2000). This office issued an Acknowledgment Order on December 13, 2004. I sent the parties a Notice of Summary Judgment on February 23, 2005. The Agency filed its Agency Motion for Decision Without a Hearing on March 17, 2005 (Agency Motion). Complainant filed her Opposition to Agency's Motion for Decision Without a Hearing on April 1, 2005 (Complainant Motion).

## ISSUE

The issue is whether the Agency discriminated against Complainant because of her race (Black) and sex (female) when:

1. She received notification of non-selection for the position of Administrative Management Specialist, GS-0301-14, advertised under Vacancy Announcement No. UF168394CT.

*Report of Investigation ("ROI")* at 1.

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). I find that the agency did not discriminate against Complainant.

-1-

## ANALYSIS

The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-54 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

I find that the Agency's Motion for Summary Judgment correctly states the material facts and applicable legal standards. There are no *genuine* issues of *material* fact or credibility that require resolution at a hearing. Summary judgment in favor of the Agency is therefore appropriate for the reasons stated in the Agency's motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The Agency Motion points out that Complainant failed to adequately rebut the Agency's articulated, non-discriminatory reasons for its actions, i.e., that while Complainant made the Best Qualified Applicants list and was interviewed twice for the position(s) in question, she was not scored as one of the highest ranking interviewees. *Agency Motion* at 3-10. In fact, she was ranked 4th out of the 5 finalist(s) interviewed during the second interview process. There was a consensus among the second interview panel that Complainant did not interview well and therefore did not perform better nor was better qualified than the selectees. Indeed, the two selectees were ranked one and two by the second interview panel. *Id.*

Complainant has failed to set forth adequate material evidentiary facts that support his/her allegations of discrimination.[1] Conclusory assertions that the agency's intention and motivation are

---

[1] Complainant's Motion focuses the gravamen of its argument in a misplaced emphasis on the absence of an EEO representative during the 2nd interview and the alleged failure to use a particular table for tabulating scores for candidates. Neither of these alleged discrepancies are sufficiently material to overcome the Agency's

-2-

questionable are not enough to withstand a summary judgment motion. *Goldberg v. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

After a careful review of the sworn witness statements and the documentary evidence in the ROI, I find that the totality of the record fails to sustain Complainant's claim that s/he was discriminated. Accordingly, the Agency's Motion for Summary Judgment is hereby **GRANTED**.

_____
Varice F. Henry
Administrative Judge

---

non-discriminatory articulations re the bases for its selection(s) decision. *See Complainant's Motion generally.*

-3-

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(i). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

>   Director
>   Office of Federal Operations
>   Equal Employment Opportunity Commission
>   P.O. Box 19848
>   Washington, D.C. 20036
>   Facsimile (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

-4-

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.