# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEDERIS FIELDS,**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　　　　　**v.**<br><br>**MIKE JOHANNS, Secretary**<br>**U.S. Department of Agriculture,**<br><br>　　　　　　　**Defendant.** | **Civil Action 06-00538　(HHK)** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sederis Fields ("Fields") brings this action against Mike Johanns, Secretary of the United States Department of Agriculture ("USDA"), asserting that the agency discriminated against her on the basis of her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").  Before the court is the USDA's motion for summary judgment.  On the basis of the motion, the opposition thereto, and the record of the case, the court concludes that the USDA's motion for summary judgment must be denied.

## I. BACKGROUND

Fields, a Black female, is a GS-13 employee who works in the office of the Deputy Administrator for Field Operations ("DAFO") of the USDA.  In 2003, the DAFO advertised three vacancies at the GS-14 level.  Two vacancies were Administrative Management Services ("AMS") positions, and one vacancy was a Program Management ("PM") position.  Fields, along with Ken Nagel ("Nagel") and Pat Spalding ("Spalding"), who are both White and male, applied for the AMS positions.  Nagel also applied for the PM position.

The application process for the AMS positions included two rounds of interviews.  Fields had her first interview on July 8, 2003.  A representative from the Equal Employment Opportunity ("EEO") Office was present during this interview.  Before her second interview, John Chott ("Chott") who is the Assistant to the DAFO, contacted the USDA's human resources department to inquire whether an EEO observer was necessary for the second interview.  A Human Resource Specialist advised Chott that an EEO observer was not necessary.  When Fields had her second interview on July 21, 2003, an EEO observer was not present.

On the same day as her interview, Fields was informed that she was not selected for either of the AMS positions.  The following day, Chott announced that Nagel and Spalding received the positions.

## II. ANALYSIS

Fields asserts that she was not selected for the AMS position because of her race and gender.  The USDA rejoins that Fields was not selected because Nagel and Spalding were more qualified than Fields.  Fields contends that the USDA's explanation is pretextual.  Because there is enough evidence to raise a genuine issue of material fact as to whether the USDA's explanation is pretextual, the court must deny USDA's motion for summary judgment.[1]

---

[1]  Under Fed. R. Civ. P. 56, a motion for summary judgment should be granted only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party's "initial responsibility" consists of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  If the moving party meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact actually exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet this burden, the non-moving party must show that "'the evidence is such that a reasonable jury could return a verdict'" in its favor.

A.    **Legal Standard**

Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Until recently, at the summary judgment stage when there was no direct evidence of discrimination, this court's analysis of disparate treatment claims was governed by a complex burden shifting procedural framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). In *Brady v. Office of Sergeant at Arms*, the D.C. Circuit simplified this framework. 520 F.3d 490, 493-94 (D.C. Cir. 2008). Pursuant to *Brady*, if an employer asserts a legitimate non-discriminatory reason for the treatment at issue, a court only needs to determine whether an employee has produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason is not the actual reason and that the employer intentionally discriminated against the employee on the basis of race or gender. *Id.* In other words, a court only needs to determine whether there is enough evidence for a jury to find that the employer's legitimate non-discriminatory reason is pretextual.

B.    **The USDA has Come Forward With a Legitimate Non-Discriminatory Reason as to Why Fields was Not Hired**

The USDA asserts that Nagel and Spalding were hired because they were more qualified than Fields. According to the USDA, Nagel and Spalding: (1) had more relevant job experience

---

*Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Such evidence must consist of more than mere unsupported allegations or denials; rather, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 321 n.3. If the evidence is "merely colorable" or "not significantly probative," summary judgment should be granted. *Anderson*, 477 U.S. at 249-50.

and (2) performed better in their interviews. These are legitimate non-discriminatory reasons as to why Nagel and Spalding, as opposed to Fields, were hired for the AMS positions. Accordingly, the court must now determine whether there is enough evidence whereby a reasonable jury can conclude that these reasons are pretextual.

**C.     Fields Has Provided Sufficient Evidence of Pretext**

Fields asserts that the USDA's explanation is pretextual because: (1) she was more qualified than Nagel and Spalding; (2) Nagel was preselected for the AMS position; and (3) the USDA violated regulations by not having an EEO observer present at her second interview. There is evidence in the record that demonstrates Nagel may have been preselected and that the USDA violated regulations during Fields' interview. Standing alone, these two pieces of evidence would probably not be sufficient to overcome summary judgment. Taken together, however, there is a material issue of fact as to whether Fields was subjected to discrimination.

**1.  *Relative Qualifications***

Fields asserts that she was more qualified than Nagel and Spalding for the AMS position. The AMS position was classified as a "301 administrative series position." Fields asserts that she was the only applicant that had been previously employed in a 301 administrative series position, whereas Nagel and Spalding were employed in non-administrative positions. Fields also contends that she had more experience with issues related to administration[2] than Nagel and Spalding, who had more experience with issues related to loans and farming. For example,

_____

[2] Issues related to administration relate to issues such as budgets, human resources, and handling employee grievances.

Fields argues that she has extensive experience preparing budgets, representing the DAFO on committees, coordinating civil rights training, and conducting personnel investigations.

The USDA rejoins that Nagel and Spalding were more qualified because they had a broader range of experience. The USDA contends that Fields had a narrower range of experience because she worked predominantly in the EEO and civil rights fields. The USDA asserts that, in contrast, Nagel had a broader range of relevant experience because he had worked as a farmer prior to joining the USDA, and at the USDA, he worked as an Agricultural Program Specialist and a County Executive Director. The USDA contends that, as a result, he had experience with procurement, leasing, personnel, farm loans, farming, banking, public speaking, and writing. Similarly, the USDA contends that Spalding had a broader range of relevant experience because he had twenty years of experience working for the USDA in a number of positions, including as an Agriculture Loan Specialist, an Agricultural Management Specialist, and a County Supervisor. The USDA contends that, as a result, Spalding had experience with leasing, contracting and consolidating offices, hiring employees, handling grievances and employee discipline, and had been an Assistant Administrative Officer.

The USDA also contends that Nagel and Spalding performed better in their interviews. According to the USDA, Nagel was articulate and calm during his interview. Similarly, the USDA maintains that, during Spalding's interview, he was composed. In contrast, the USDA asserts, Fields was not as composed during her interview. For example, the USDA asserts that, during her interview, Fields was unable to recall any of her major accomplishments other than organizing the office Christmas party.

There is no evidence that Fields was significantly more qualified than Nagel and Spalding for the AMS position.  The vacancy announcement indicates that the AMS position involved contact with state and county Farm Services Agency offices.  Accordingly, Nagel and Spalding's broader range of experiences could reasonably be seen as beneficial to the AMS position at issue. It is well established that "courts are not super-personnel departments" and that courts will not "reexamine governmental promotion decisions where it appears the Government was faced with a difficult decision." *Stewart v. Ashcroft*, 352 F.3d 422, 429 (D.C. Cir. 2003) (internal quotation omitted).  There is substantial evidence that shows that Nagel and Spalding were just as qualified for the position – and perhaps even more qualified – as Fields.  Both had a broader range of experience than Fields.  Accordingly, this court cannot grant summary judgment to the USDA based on Fields' argument that she was more qualified than Nagel and Spalding.

### 2. *Preselection*

Fields next argues that Nagel was preselected for the AMS position.  That is, she contends that Nagel was selected for the position before Fields completed the interview process. Fields points out that Nagel applied for both the AMS and PM positions.  She notes that Douglas Frago ("Frago"), who is the DAFO, stated in his deposition that because Nagel was the most qualified candidate of all the applicants for the AMS and PM positions, he was allowed to choose whether he wanted the AMS or PM position.  Fields has submitted to the court an email from Chott dated July 18, 2003, in which he announces that another individual – Linda Conin – was selected for the PM position.  Fields did not interview for the AMS position until July 21, 2003. Fields correctly points out that if Nagel was offered the choice between the AMS and PM positions, he must have been offered this choice on or prior to July 18, 2003, which is the day

6

that Chott announced Conin received the position.  July 18, 2003 predates Fields' second

interview by three days.

   The USDA rejoins that the DAFO did not determine who would be offered the AMS

position until after all applicants were interviewed, including Fields.  The USDA asserts that

Nagel was never given a choice between the AMS and PM positions.  The USDA notes that, in

his deposition, Nagel states that he was never offered a choice between the AMS and PM

positions.  The USDA contends that Frago's recollection of the job application process is less

credible than Nagel's recollection.

   Thus, there is a factual dispute as to whether Nagel was preselected.  This factual dispute

is material because preselection may be evidence of pretext.  *See Kolstad v. ADA*, 108 F.3d 1431,

1436 (D.C. Cir. 1997), *rev'd on other grounds*, 139 F.3d 958 (D.C. Cir. 1998); *Nyunt v.

Tomlinson*, 543 F. Supp. 2d 25, 39 (D.D.C. 2008).  Preselection, by itself, does not necessarily

show pretext, however.  *Nyunt*, 543 F. Supp. 2d at 39.  But Fields does not rely solely on her

assertion that Nagel was preselected.  As discussed *infra*, Fields also asserts that the USDA

violated its own regulations by failing to have an EEO observer present at her second interview.

### 3. *Violation of Regulations*

   Fields asserts that her interview for the AMS position did not comport with the USDA's

regulations governing merit-based promotions.  These regulations provide that, while interview

panels are not mandatory, when they are used, they "*shall . . .* include an EEO representative or

member of the CR/EEO Advisory council as an observer for all interview panels."  Pl.'s Ex. 4

(emphasis added).  The USDA rejoins that the regulations cited by Fields did not apply at the

time of Fields' interview.  The USDA contends that the regulations that were applicable at the

time of the interview in question stated that a "civil rights observer *may* be present." Def.'s Ex. S (emphasis added).

Accordingly, there is a factual dispute between the parties as to which set of regulations applied at the time of Fields' application. This factual dispute is material because failure to follow established procedures may demonstrate pretext. *Shelborne v. Runyon*, 1997 WL 527352, at *11 (D.D.C. Aug. 21, 1997).

Thus, a reasonable jury might find that the USDA failed to follow its own procedures by not having an EEO observer present. And, as discussed *supra*, a reasonable jury might also find that the USDA violated regulations by preselecting Nagel. Taken together, there is sufficient evidence whereby a jury might find that Fields was subjected to discrimination on the basis of her race and gender. Accordingly, the court cannot grant summary judgment to the USDA.

### III.  CONCLUSION

For the foregoing reasons, it is this 5th day of September 2008, hereby

**ORDERED** that the USDA's motion for summary judgment is **DENIED.**

Henry H. Kennedy, Jr.
United States District Judge